Christina N. Goodrich (SBN 261722)
Christina.Goodrich@klgates.com
Kelsi E. Robinson (SBN 347066)
Kelsi.Robinson@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd., Eighth Floor
Los Angeles, CA 90067
Telephone:  +1 310 552 5000
Facsimile:  +1 210 552 5001

Jeffrey R. Gargano (*phv* forthcoming)
Jeffrey.Gargano@klgates.com
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone:  +1 312 807 4226
Facsimile:  +1 312 827 8000

Peter E. Soskin (SBN 280347)
Peter.Soskin@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone:  +1 415 882 8046
Facsimile:  +1 415 882 8220

Caroline M. Vermillion (*phv* forthcoming)
Caroline.Vermillion@klgates.com
**K&L GATES LLP**
599 Lexington Avenue
New York, NY 10022
Telephone:  +1 212 536 3987
Facsimile:  +1 212 536 3901

*Attorneys for Plaintiff InMode Ltd.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INMODE LTD., | Case No. 2:23-CV-8583 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| BTL INDUSTRIES, INC. D/B/A BTL AESTHETICS, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff InMode Ltd. ("InMode" or "Plaintiff") files this Complaint for patent infringement against BTL Industries, Inc. d/b/a BTL Aesthetics ("BTL" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including specifically 35 U.S.C. § 271, based on BTL's infringement of at least Claims 1, 33, 35 and 41 of U.S. Patent No. 8,961,511 (the "'511 Patent").

## THE PARTIES

2. Plaintiff InMode is a corporation organized under the laws of the Israel, having its principal place of business at Tavor Building Shaar Yokneam, P.O. Box 533, Yokneam 2069206, Israel.

3. InMode is the owner by assignment to all right, title, and interest in and to the '511 Patent, including the right to bring suit for past infringement and collect damages for past infringement.

4. InMode is an innovative developer, manufacturer, and marketer of aesthetic and medical technologies and solutions. InMode has incorporated its medically accepted, minimally- and non-invasive radiofrequency technologies into a comprehensive line of products for plastic surgery, gynecology, dermatology, and ophthalmology.

5. Upon information and belief, Defendant BTL is a Delaware corporation, having its principal place of business located at 362 Elm Street, Suite 5, Marlborough, Massachusetts 01752.

6. Upon information and belief, BTL has, as its registered agent in the State of Delaware, Valis Group Inc., located at 501 Silverside Road, Suite 105, Wilmington, Delaware 19809.

///
///
///

# JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent law of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

8. This Court has personal jurisdiction over BTL in this action because BTL has committed acts of patent infringement within the State of California and within this District through, for example, using, selling and/or offering for sale BTL's UltraFemme 360 products or EmFemme 360 products (the "Accused Products") to third-parties to provide vaginal rejuvenation treatment services in this District.  In addition, BTL provides demonstrations and training utilizing the Accused Products and corresponding methods of treatment that infringe claims of the '511 Patent in this District.

9. According to BTL's website, a search for healthcare providers in this District offering vaginal rejuvenation treatment utilizing the Accused Products and corresponding methods of treatment include at least the following:



-2-
COMPLAINT FOR PATENT INFRINGEMENT

*See Find a Provider Near Me*, BODY BY BTL, https://bodybybtl.com/find-a-provider/ (last visited Sept. 30, 2023).

10. BTL regularly transacts business in the State of California and within this District. For example, upon information and belief, BTL owns and operates a brick-and-mortar storefront—The Body Boutique LAX—located at 216 North Canon Drive, Beverly Hills, California 90210. *See Body Boutique*, BODY BY BTL, https://bodybybtl.com/body-boutique/ (last visited Sept. 30, 2023). Upon further information and belief, BTL provides demonstrations and training for healthcare professionals, including treatments using the Accused Products that infringe the claims of the '511 Patent within this District. *Id.* In addition, BTL induces and contributes to infringement of the '511 Patent by third-party healthcare providers in this District

11. BTL engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided in the State of California and in this District, and has purposefully established substantial, systematic, and continuous contacts within this District. For example, BTL has purposefully availed itself of the jurisdiction of this Court in the following pending cases: *BTL Indus., Inc. v. Beauty by Izzy*, Case No. 23-cv-01105 (June 9, 2023); *BTL Indus., Inc. v. Shape Body Sculpt*, Case No. 23-cv-04420 (June 6, 2023); *BTL Indus., Inc. v. Juventas*, Case No. 23-cv-04436 (June 6, 2023); *BTL Indus., Inc. v. LA Curves Body Sculpting, LLC*, Case No. 23-cv-03497 (May 8, 2023); *BTL Indus., Inc. v. Beauty Works OC, LLC*, Case No. 23-cv-00654 (Apr. 14, 2023); and *BTL Indus., Inc. v. Munera Esthetics, Inc.*, Case No. 23-cv-00269 (Jan. 13, 2023). Thus, BTL should reasonably expect to be sued in this District.

12. BTL continues to grow its presence in this District, further cementing its ties to this District. For example, according to BTL's website, BTL has more than ten authorized BTL Providers in the Los Angeles area, alone. *See Find a Provider Near Me*, BODY BY BTL, https://bodybybtl.com/find-a-provider/ (last visited Sept. 30, 2023).

13. The Court's exercise of jurisdiction over BTL will not offend traditional notions of fair play and substantial justice.

14. Venue in the Central District of California is proper pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400.

15. BTL has committed acts of infringement within this judicial District, giving rise to this action by *inter alia*, selling, offering for sale, and using the Accused Products and corresponding methods of treatment utilizing the Accused Products in this judicial District.

16. BTL continues to conduct business in this judicial District, including by committing one or more acts of making, using, selling, importing, and/or offering for sale the Accused Products and corresponding methods of treatment.

## INMODE'S LEGACY OF INNOVATION

17. Since 2008, InMode has been an innovative and revolutionary developer, manufacturer, and marketer of aesthetic and medical technologies and solutions. Harnessing its novel technologies, InMode strives to both enable new and emerging surgical procedures and improve upon existing treatments.

18. Recognizing the demand for safe and effective alternatives to traditionally invasive procedures, InMode has leveraged its wide range of minimally- and non-invasive radiofrequency technologies and treatments—including treatments for face and body contouring, medical aesthetics, and women's health—to "offer a comprehensive line of products across several categories for aesthetic medicine, gynecology, dermatology and ophthalmology." *See* Exhibit 1.

19. By way of example, between 2010 and 2021, InMode launched nine revolutionary product platforms in the aesthetics solutions market, including the InMode BodyTitle, Optimas, Votiva, Contoura, Triton, EmbraceRF, Evolve, Evoke, and Morpheus8.

20. InMode has also substantially invested in developing a broad array of women's wellness products and treatments. In fact, just this year, InMode strategically acquired certain assets from Viveve Inc., a pioneer in the field of women's wellness. *See id.* In doing so, InMode further solidified itself as a leader in the women's wellness

market and "reaffirm[ed] its commitment to commercializing innovative technologies." *See id.*

21. InMode's continued success in introducing successful, minimally- and non-invasive medical and aesthetic solutions is evidence of its innovative approach and business acumen. Resultantly, InMode remains one of the most reputable and recognizable innovators of medical and aesthetic solutions, today.

22. InMode brings the instant lawsuit because BTL is unlawfully infringing InMode's intellectual property—intellectual property that is a direct result of InMode's innovation and ingenuity, and its investments in aesthetic solutions and women's healthcare.

## THE ASSERTED PATENT AND ACCUSED PRODUCTS

23. One of the assets InMode acquired from Viveve, Inc. is United States Patent No. 8,961,511 (the "'511 Patent"). The '511 Patent, entitled "Vaginal Remodeling Device And Methods," was duly and legally issued on February 24, 2015, naming Jonathan B. Parmer as the sole inventor and Viveve, Inc. as the sole assignee. The '511 Patent was issued from U.S. Patent Application No. 11/704,067, filed on February 7, 2007. A true and accurate copy of the '511 Patent is attached hereto as Exhibit 2.

24. InMode acquired all right, title, and interest to the '511 Patent from Viveve, Inc., with sole rights to enforce the '511 Patent and sue infringers, including for past infringement and damages.

25. The '511 Patent relates generally to apparatus and methods for tightening tissue of the female genitalia by heating targeted connective tissue with radiant energy. The effect of the applied heat is to remodel genital tissue by tightening it. *See id.* at Abstract.

26. Vaginal childbirth can lead to permanent stretching of the vaginal tissue, leaving some women with long term medical consequences, including uterine prolapse, cystoceles, stress urinary incontinence, decreased sexual pleasure, and more. *See id.* at

1:62-2:9. While certain surgical options are available to alleviate these problems, such approaches can frustrate the issue by leaving scarring that is counterproductive to the intended result. *Id.* at 2:9-12. Further, surgical approaches are generally less popular given the risks associated with invasive procedures in a sensitive area. *Id.* at 2:13-16.

27.     As an alternative to invasive and risky surgical procedures, the '511 Patent describes a non-invasive method to effectively tighten genital tissue "by heating targeted connective tissue with radiant energy, while cooling the mucosal epithelial surface over the targeted tissue to protect it from the heat." *See id.* at Abstract.

28.     While non-uniform delivery of energy can cause damage to the mucosal epithelium, embodiments of the claimed invention include adaptive configurations of the energy delivery element and treatment tip to make the best contact with the genital epithelial surface, thereby uniformly delivering energy into the target tissue. *Id.* at 2:53-3:7.

29.     The desired remodeling can occur while the genital tissue is being heated due to the denaturation of existing collagen within the target tissue's collagen-rich areas. *Id.* at 4:58-65. Remodeling may also substantially occur in the days or weeks thereafter due to biological healing responses to the heat, which can include the deposition of new collagen. *Id.* at 4:65-5:2. In either case, the effect is generally one of tissue contraction or tightening, resulting in an overall tightening of the vagina and introitus. *Id.* at 5:2-6.

30.     Defendant BTL markets vaginal reconstruction products and treatments under the tradenames UltraFemme 360 and EmFemme 360 (the "Accused Products"). *See, e.g.*, *EmFemme 360*, BODY BY BTL, https://www.bodybybtl.com/solutions/emfemme-360 (last visited Sept. 30, 2023). Upon information and belief, the UltraFemme 360 product and corresponding treatment was launched in the United States after gaining FDA 510(k) approval in 2017. Upon further information and belief, the EmFemme 360 product and corresponding treatment was launched in the United States in 2022.

///

31. Defendant BTL's UltraFemme 360 and EmFemme 360 devices are used to provide non-invasive, radiofrequency vaginal rejuvenation treatments. BTL touts the EmFemme 360 as "the shortest radio frequency treatment available on the market," which "homogeneously delivers volumetric heating throughout the treated area" for a "fast and uniform treatment." *See* Exhibit 3.

32. On information and belief, BTL's UltraFemme 360 apparatus is a predecessor to BTL's EmFemme 360 device. Both Accused Products function similarly to the inventions claimed in the '511 Patent. For example, the National Menopause Association describes the UltraFemme 360 as a "radiofrequency skin-tightening device . . . [that] treat[s] the unique anatomy of women" by "heat[ing] the vaginal introitus and canal" to stimulate "new collagen formation." *See* Exhibit 4.

33. On information and belief, BTL has made, used, offered for sale, and/or sold, and continues to make, use, offer for sale, and/or sell its Accused Products and corresponding treatments within this District.

## COUNT I

## (Direct Infringement of the '511 Patent)

34. InMode incorporates by reference and realleges each allegation of Paragraphs 1-33 as set forth herein.

35. Defendant BTL has made, had made, used, imported, supplied, distributed, sold, and/or offered for sale the Accused Products and corresponding treatments using the Accused Products in the United States and specifically in this District. For example, BTL provides demonstrations and training for third-party healthcare providers utilizing the Accused Products and corresponding treatments utilizing the Accused Products at Defendant's Body Boutique locations in New York City (3 Great Jones Street, New York, NY 10012) and Beverly Hills (216 North Canon Drive, Beverly Hills, CA 90210). *See Body Boutique*, BODY BY BTL, https://bodybybtl.com/body-boutique/ (last visited Sept. 30, 2023). Accordingly, Defendant BTL is liable for infringement of the '511 Patent pursuant to 35 U.S.C. § 271(a).

36. As set forth in the attached non-limiting claim chart (Exhibit 5), BTL has infringed and continues to infringe at least claims 1, 33, 35, and 41 of the '511 Patent by making, having made, using, importing, supplying, distributing, selling, and/or offering for sale the Accused Products and corresponding treatments utilizing the Accused Products, including, but not limited to, providing demonstrations and training sessions utilizing the Accused Products.

37. Upon information and belief, Defendant BTL has had, and continues to have, knowledge of the '511 Patent. At the very least, Defendant BTL has had knowledge of the '511 Patent since the filing of this Complaint. Upon information and belief, however, BTL was aware of the '511 Patent as a result of a patent infringement lawsuit filed by the previous owner of the '511 Patent, Viveve, Inc. ("Viveve"), asserting infringement of the '511 Patent against ThermiGen, LLC ("ThermiGen") (and related entities and persons). *See Viveve, Inc. v. ThermiGen, LLC et al.*, Case No. 2:16-CV-1189-JRG (E.D. Tex. 2016) (the "Viveve Lawsuit"). Viveve, ThermiGen, and BTL are and/or were competitors in the aesthetic healthcare industry and each offered competing RF vaginal rejuvenation products and treatments in the market.

38. Upon information and belief, BTL knew of the Viveve Lawsuit and reviewed information associated with the status of the Viveve Lawsuit such that BTL knew or should have known of the '511 Patent and that the Accused Products and corresponding treatments using the Accused Products infringe the '511 Patent. For example, both Viveve and ThermiGen issued press releases announcing the settlement of the Viveve Lawsuit. *See Thermi Announces Settlement of Patent Infringement Litigation with Viveve*, CISION PR NEWSWIRE (June 4, 2018, 8:30 ET), https://www.prnewswire.com/news-releases/thermi-announces-settlement-of-patent-infringement-litigation-with-viveve-300659000.html; *Viveve Announces Settlement of Patent Infringement*, GLOBAL NEWSWIRE (JUNE 4, 2018, 8:28 ET), https://www.globenewswire.com/en/news-release/2018/06/04/1516178/0/en/Viveve-Announces-Settlement-of-Patent-Infringement-Litigation-with-Thermi.html. To the

extent that Defendant BTL was not aware of the '511 Patent as a result of the Viveve Lawsuit, BTL was willfully blind to its infringement of the '511 Patent.

39. Defendant BTL's direct infringement of the '511 Patent has caused, and will continue to cause, InMode to suffer substantial and irreparable harm.

40. BTL's infringement of the '511 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of InMode's rights under the '511 Patent.

41. InMode has been damaged as a result of BTL's infringing conduct alleged above. Thus, BTL is liable to InMode in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

42. Upon information and belief, Defendant BTL's infringement of the '511 Patent has been deliberate and willful, making this an exceptional case entitling InMode to recover additional damages and attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II
### (Indirect Infringement of the '511 Patent)

43. InMode re-alleges and incorporates by reference the allegations contained in paragraphs 1- 42 of this Complaint.

44. Pursuant to 35 U.S.C. § 271 (b) and (c), Defendant BTL has indirectly infringed, and continues to indirectly infringe, one or more claims of the '511 Patent, including but not limited to claims 1, 33, 35 and 41, by using, selling, and/or offering for sale the Accused Products and methods of treatment that use the Accused Products. The claim chart in Exhibit 5 sets forth where each element of the representative infringed claims 1, 33, 35 and 41 of the '511 Patent can be found in the Accused Products and the corresponding method/treatment utilizing the Accused Products.

45. Defendant BTL is liable for actively inducing infringement, under 35 U.S.C. § 271 (b), of one or more claims of the '511 Patent, including, but not limited to, claims 1, 33, 35 and 41, by knowingly taking active steps to encourage and facilitate

direct infringement by others, such as third-party healthcare providers, who use the Accused Products and patented methods.

46. Upon information and belief, Defendant BTL knowingly provides literature, instructional videos, training guides, user manuals and other instructional materials encouraging and facilitating direct infringement of the patented methods of the '511 Patent by third-party healthcare providers.

47. Upon information and belief, Defendant BTL has had, and continues to have, knowledge of the '511 Patent. At the very least, Defendant BTL has had knowledge of the '511 Patent since the filing of this Complaint. Upon information and belief, however, BTL was aware of the '511 Patent as a result of the Viveve Lawsuit, asserting infringement of the '511 Patent against ThermiGen (and related entities and persons). *See Viveve, Inc.*, Case No. 2:16-CV-1189-JRG. Viveve, ThermiGen, and BTL are and/or were competitors in the aesthetic healthcare industry and each offered competing RF vaginal rejuvenation products in the market.

48. Upon information and belief, BTL knew of the Viveve Lawsuit and reviewed information associated with the status of the Viveve Lawsuit such that BTL knew or should have known of the '511 Patent and that the Accused Products and corresponding treatments using the Accused Products infringe the '511 Patent. For example, both Viveve and ThermiGen issued press releases announcing the settlement of the Viveve Lawsuit. *See Thermi Announces Settlement of Patent Infringement Litigation with Viveve*, supra ¶ 38; *Viveve Announces Settlement of Patent Infringement*, supra ¶ 38. To the extent that Defendant BTL was not aware of the '511 Patent as a result of the Viveve Lawsuit, BTL was willfully blind to its infringement of the '511 Patent.

49. Defendant BTL contributes to the infringement of the '511 Patent in violation of 35 U.S.C. § 271(c), including, but not limited to claims 1, 33, 35 and 41, by making, using, selling, offering to sell, and distributing into the United States the Accused Products that are a material part of the patented invention, knowing that the

-10-
COMPLAINT FOR PATENT INFRINGEMENT

Accused Products are specially made, or specially adapted, for use in a manner that infringes at least claims 1, 33, 35 and 41 of the '511 Patent.

50. Upon information and belief, the Accused Products are not a staple article or commodity suitable for substantial non-infringing use.

51. Defendant BTL's indirect infringement of the '511 Patent has caused substantial and irreparable harm to InMode and will continue to cause such harm unless and until its infringing activities are enjoined by this Court.

52. InMode is entitled to damages adequate to compensate it for Defendant BTL's indirect infringement pursuant to 35 U.S.C. § 284, in an amount to be determined at trial, but in no event less than a reasonable royalty.

53. Upon information and belief, Defendant BTL's indirect infringement of the '511 Patent has been deliberate and willful, making this an exceptional case entitling InMode to recover additional damages and attorneys' fees pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, InMode respectfully requests that:

A. The Court find that BTL has directly infringed the '511 Patent and hold BTL liable for such infringement;

B. The Court find that BTL has indirectly infringed the '511 Patent by inducing its customers to directly infringe the '511 Patent and hold BTL liable for such infringement;

C. The Court find that BTL has indirectly infringed the '511 Patent by contributing to BTL's customers' direct infringement of the '511 Patent, and hold BTL liable for such infringement;

D. The Court preliminarily and permanently enjoin BTL from further infringement of the '511 Patent;

E. The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate InMode for BTL's past infringement of the '511 Patent, including both pre- and post-judgment interest and costs as fixed by the Court;

F. The Court declare that this is an exceptional case entitling InMode to its reasonable attorneys' fees under 35 U.S.C. § 285; and

G. The Court award such other relief as the Court may deem just and proper.

Dated: October 11, 2023                    Respectfully submitted,

By: /s/ *Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)
Christina.Goodrich@klgates.com
Kelsi E. Robinson (SBN 347066)
Kelsi.Robinson@klgates.com
Jeffrey R. Gargano (*phv* forthcoming)
Jeffrey.Gargano@klgates.com
Peter E. Soskin (SBN 280347)
Peter.Soskin@klgates.com
Caroline M. Vermillion (*phv* forthcoming)
Caroline.Vermillion@klgates.com
**K&L GATES LLP**

*Attorneys for Plaintiff InMode Ltd.*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, InMode hereby demands a trial by jury on all issues raised by this Complaint.

Dated:  October 11, 2023

Respectfully submitted,

By: /s/ *Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)
Christina.Goodrich@klgates.com
Kelsi E. Robinson (SBN 347066)
Kelsi.Robinson@klgates.com
Jeffrey R. Gargano (*phv* forthcoming)
Jeffrey.Gargano@klgates.com
Peter E. Soskin (SBN 280347)
Peter.Soskin@klgates.com
Caroline M. Vermillion (*phv* forthcoming)
Caroline.Vermillion@klgates.com
**K&L GATES LLP**

*Attorneys for Plaintiff InMode Ltd.*