PAYNE & FEARS LLP
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
Randy R. Haj, Bar No. 288913
rrh@paynefears.com
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

STERNE, KESSLER, GOLDSTEIN & FOX PLLC
J.C. Rozendaal (*pro hac vice pending*)
Chandrika Vira (*pro hac vice pending*)
Josephine Kim, Bar No. 295152
1101 K Street NW, 10th Floor
Washington, D.C. 20005
Telephone: 202.371.2600
Facsimile: 202.371.2540
Email: jcrozendaal@sternekessler.com
Email: cvira@sternekessler.com
Email: joskim@sternekessler.com

*Attorneys for Defendant BTL Industries, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INMODE LTD.,<br><br>    Plaintiff,<br><br>  v.<br><br>BTL INDUSTRIES, INC. D/B/A BTL AESTHETICS,<br><br>    Defendant. | Civil Action No. 2:23-CV-8583-JWH-RAO<br><br>**DEFENDANT BTL INDUSTRIES, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR TRANSFER** |

# **Table of Contents**

**Page**

I.  Statement of Facts ..................................................................................... 1

II.  Argument ................................................................................................... 3

    A.  The action should be dismissed because venue is improper for
        BTL under § 1400(b). ...................................................................... 3

        1.  BTL does not reside in California and therefore venue
            cannot be found under the first prong of § 1400(b). ................... 4

        2.  BTL does not have a regular and established place of
            business in California and therefore venue cannot be found
            under the second prong of § 1400(b). .......................................... 5

    B.  Even if venue were proper, the interests of justice and
        convenience weigh in favor of transfer to Massachusetts ..................... 7

        1.  *Jones* 3: Plaintiffs' choice of forum: InMode is a foreign
            entity and, therefore, its choice of forum is given little
            deference. ................................................................................... 8

        2.  *Jones* 4 and 5: Contact with the forum: The parties' lack of
            contacts in California weigh in favor of transfer to
            Massachusetts. ........................................................................... 9

        3.  *Jones* 6 and 8: Cost of litigation and access to sources of
            proof: The witnesses and evidence weigh in favor of
            transfer to Massachusetts. ........................................................ 10

        4.  *Jones* factor 10: The public interest factors weigh in favor
            of transfer to Massachusetts. .................................................... 11

III.  Conclusion .............................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Decker Coal Co. v. Commonwealth Edison Co.*,
  805 F.2d 834 (9th Cir. 1986) ............................................................... 7

*Fox Factory, Inc. v. Sram, LLC*,
  No. 2:22-cv-04805-DOC-JC, 2023 WL 6370879 (C.D. Cal. Feb. 1,
  2023) ..................................................................................................... 11

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) ....................................................... 5, 6

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ......................................................... 10

*In re Google LLC*,
  949 F.3d. 1338 (Fed. Cir. 2020) ......................................................... 6

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) .............................................................. 7

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (Fed. Cir. 2021) ........................................................... 7

*Laltitude, LLC v. Dreambuilder Toy, LLC*,
  No. 22-cv-09324, 2022 WL 2156110 (C.D. Cal. Apr. 6, 2022) ......... 4

*Ningbo Futai Elec. Ltd. v. QVC, Inc.*,
  No. 5:22-cv-02015-MCS-RAO, 2023 WL 4291652 (C.D. Cal. May
  8, 2023) ..................................................................................... 9, 11, 12

*Piedmont Label Co. v. Sun Garden Packing Co.*,
  598 F.2d 491 (9th Cir. 1979) .............................................................. 4

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981) ........................................................................... 9

ii

*Signal IP, Inc. v. Ford Motor Co.*,
  No. LA CV14-03106 ...................................................................... 10

*Starbuzz Tobacco, Inc. v. Gold Star Tobacco, Inc.*,
  No. 19-cv-00408, 2019 WL 6888044 (C.D. Cal. July 29, 2019) ........................ 4

*T.C. Heartland LLC v. Kraft Foods Group Brands LLC*,
  581 U.S. 258 (2017) ............................................................... 1, 2, 3

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct 1514 (2017) ................................................................... 4

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) .......................................................... 7

*Zinus, Inc. v. Classic Brands, LLC*,
  No. CV 19-5455 PSG (EX), 2019 WL 8226076 (C.D. Cal. Oct. 3,
  2019) .................................................................................... 8

*In re ZTE (USA), Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) .......................................................... 4


**Statutes**

28 U.S.C. § 1404(a) ................................................................... 1, 7

28 U.S.C. § 1406(a) ................................................................... 1, 3

35 U.S.C. § 1400(b) .............................................................. 1, 3, 4, 5

Fed. R. Civ. P. 12(b)(3) ............................................................. 1, 3

iii

BTL Industries, Inc. is a Delaware corporation with a principal place of business in Massachusetts, and no regular and established place of business in California. BTL therefore moves to dismiss or, in the alternative, transfer this case to the District of Massachusetts pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

It is well established that venue in a patent infringement case is only proper in a district where the defendant is incorporated or where the defendant has a regular and established place of business and the alleged infringement occurs. *See* 35 U.S.C. § 1400(b); *T.C. Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 259 (2017). Because the only two counts in this action are for patent infringement, and neither requirement for proper venue is met, venue in California is improper.

Even if venue were proper, a transfer to Massachusetts for convenience would be appropriate because all the evidence and witnesses relevant to the lawsuit is located in Massachusetts. InMode is a foreign company, and its principal place of business is not in the United States. Thus, neither party has any ties to this District. Massachusetts has a greater interest in deciding this case and it is a more convenient forum for the litigation. Accordingly, this Court should dismiss the case or, in the alternative, transfer it to the District of Massachusetts.

## I.    Statement of Facts

BTL is registered in Delaware and has its principal place of business in Marlborough, Massachusetts. *See* Ex. A, Wooden Dec. ¶ 3. BTL specializes in the innovation, development, and sale of equipment and treatments for the aesthetics industry in the United States. BTL, along with its affiliates has developed several innovative FDA-cleared aesthetic devices that incorporate BTL's proprietary

technology. BTL sells those devices in the United States to healthcare professionals, and then trains those professionals on treatments using these devices. Leveraging this technology, BTL has developed a series of devices, including BTL's Emfemme 360 and UltraFemme 360 devices. BTL discontinued the UltraFemme 360 device in 2018. *Id.* ¶ 5. BTL currently sells the Emfemme 360 device. *Id.* ¶ 6.

BTL leases a space in Beverly Hills, California, but uses it sporadically as a showroom only. *Id.* ¶ 7. BTL uses the space to perform demonstration treatments to educate prospective customers, or for clinical training. *Id.* ¶ 8. No BTL employees work at the showroom on a regular basis, and for that reason, demonstrations are conducted only by invitation and appointment. *Id.* ¶ 9. Sales rarely, if ever, occur at the showroom. *Id.* BTL employees are not allowed to perform demonstration treatments of the Emfemme device at the California location or anywhere else. *Id.* ¶ 10. Further, no clinical trainings or events related to the Emfemme device are conducted at the showroom. *Id.* ¶ 13. In addition, the California showroom does not have any marketing regarding the Emfemme device. *Id.* ¶ 12.

BTL's only regular place of business in the United States is in Marlborough, Massachusetts. *Id.* ¶ 3. While many of BTL's employees reside throughout the United States, either as remote workers or to be close to BTL's customers, the Marlborough facility is the only place in the United States that BTL employees use as a regular place of business. The Marlborough location is the main locus of operations for BTL; all of BTL's operations are run through that office, including product development, marketing, finance, order processing, distribution, and shipping. *Id.* ¶ 4. Further, BTL maintains all of its data and information that would be relevant to this case at the Marlborough location. *Id.* If an inspection of the Emfemme device would need to occur, the people with knowledge of the device, are

in Massachusetts. *Id.*

InMode, a competitor of BTL's, is a corporation organized under the laws of Israel and maintains its principal place of business in Israel. *See* D.I. 1, ¶ 2. In July 2023, InMode acquired a portfolio of patents from a company called Viveve Inc. D.I. 1, ¶ 20. InMode acquired the '511 patent as part of this portfolio. Three months later, without any notice to BTL, InMode filed the above-captioned action against BTL asserting infringement of the '511 patent and named the Emfemme device and the UltraFemme device as infringing devices. D.I. 1.

## II.   Argument

InMode has not established proper venue for BTL in the Central District of California under 28 U.S.C. § 1400(b) and the case should be dismissed under FRCP 12(b)(3). In the alternative, BTL requests that the Court transfer the case to Massachusetts, where BTL has its only regular and established place of business. Further, a transfer to Massachusetts for convenience is proper because the majority of the evidence and witnesses in this case is located in Massachusetts. Further, neither BTL nor InMode are residents of California, and California does not have any particular interest in resolving this case between parties who are not California residents.

### A.   The action should be dismissed because venue is improper for BTL under § 1400(b).

The Court should dismiss this action for improper venue. Fed. R. Civ. P. 12(b)(3). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.

3

§ 1406(a). The plaintiff bears the burden of showing that venue is properly laid in the district where the action was filed, and InMode has not done so here. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *see also Starbuzz Tobacco, Inc. v. Gold Star Tobacco, Inc.,* No. 19-cv-00408, 2019 WL 6888044, at *2 (C.D. Cal. July 29, 2019); *Laltitude, LLC v. Dreambuilder Toy, LLC*, No. 22-cv-09324, 2022 WL 2156110, at *1 (C.D. Cal. Apr. 6, 2022) ("When a defendant files a motion to dismiss for improper venue, the plaintiff has the burden of proving that venue is proper.").

Patent cases are governed by their own venue statute. 28 U.S.C. § 1400(b). Section 1400(b) states that venue is proper either "in the judicial district where the defendant resides," or else "where the defendant has committed acts of infringement and has a regular and established place of business." InMode has failed to plead facts indicating that venue is proper under either prong of the patent venue statute. The plaintiff bears the burden to show proper venue in patent cases after the defendant challenges venue. *In re ZTE (USA), Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

### 1. BTL does not reside in California and therefore venue cannot be found under the first prong of § 1400(b).

Under the first prong of the venue statute, a "domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct 1514, 1517 (2017). As InMode recognizes (*see* D.I. 1, ¶ 5), BTL is incorporated in Delaware and therefore resides in Delaware. Therefore, proper venue cannot be found for BTL under the first prong of 1400(b).

---

4

DEFENDANT'S MEMORANDUM ISO MOTION TO DISMISS OR TRANSFER          CASE NO. 2:23-CV-8583

**2.    BTL does not have a regular and established place of business in California and therefore venue cannot be found under the second prong of § 1400(b).**

Similarly, InMode cannot establish that BTL has a "regular and established" place of business in California to meet the requirements of the second prong of § 1400(b).

The Federal Circuit has clarified what a plaintiff must prove to establish proper venue under this prong of the statute. *See In re Cray Inc.*, 871 F.3d 1355, 1362–63 (Fed. Cir. 2017). First, "there must still be a physical, geographical location in the district from which the business of the defendant is carried out." *Id*. at 1362. Second, the place "must be a regular and established place of business." *Id*. Third, the place of business must be "a place *of the defendant*, not solely a place of the defendant's employee." *Id*. at 1363. This test is "specific," "unambiguous," and "restrictive," and if any of the three requirements are not met, then venue is improper under § 1400(b). *Id.* at 1361.

InMode asserts that venue is proper in this District with a conclusory statement that BTL "owns and operates a brick-and-mortar storefront," citing to BTL's website listing the location. D.I. 1, ¶ 10. But, as the Federal Circuit has found, "the mere fact that a defendant has advertised that it has a place of business . . . is not sufficient; the defendant must actually engage in business from that location." *In re Cray*, 871 F.3d at 1364. And, while BTL does have a physical location in Beverly Hills, the location is simply a showroom, and BTL does not engage in business regularly at that location; it does so only sporadically.

BTL's showroom is not an office space, nor does it have an employee regularly staffed at the location. Wooden Decl. ¶ 9. No employees regularly report to the showroom. *Id.* As the Federal Circuit has noted, "a 'regular and established

place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business." *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). Because there is no regular presence of employees at the showroom, the showroom is used for customer demonstrations as needed and only by appointment. Wooden Decl. ¶ 9. It is also used for limited clinical trainings. Sales are rarely, if ever, completed in the showroom. *Id.* Rather, the sales are normally completed at the customer's office. *Id.* BTL does not use the showroom for any other reasons outside the limited clinical trainings and demonstrations. BTL's use of the location is sporadic, not regular, and courts have found that under those circumstances, venue is not proper in that district. A business may be "regular" only if it operates in a "steady[,] uniform[,] orderly[, and] methodical" manner. *In re Cray,* 871 F.3d at 1362. "Sporadic activity cannot create venue." *Id*.

In its Complaint, InMode states that "BTL provides demonstrations and training for healthcare professionals, including treatments using the Accused Products." D.I. 1, ¶ 10. InMode is wrong. BTL ceased to sell the UltraFemme device in 2018, over five years before InMode's Complaint was filed. And, while the California showroom stores an Emfemme device, the device has never been operated at the California location. Wooden Decl. ¶ 11. Further, BTL employees are not allowed to operate the device for trainings or demonstrations. *Id.* ¶ 10. The showroom likewise contains no marketing materials directed towards the Emfemme device. *Id.* ¶ 12.

Because the showroom in California is infrequently and sporadically used, BTL does not have a "regular and established" place of business in California.

---

1   Therefore, venue is improper and the case should be either dismissed or transferred

2   to the District of Massachusetts, where venue is proper.

3   **B.     Even if venue were proper, the interests of justice and convenience weigh in favor of transfer to Massachusetts**

4

5   If the Court determines that venue is proper in this district, BTL nevertheless

6   requests that the Court transfer this action to Massachusetts. The Court has

7   discretion to transfer a civil action "[f]or the convenience of parties and witnesses,

8   [and] in the interest of justice." 28 U.S.C. § 1404(a); *In re Juniper Networks, Inc.*,

9   14 F.4th 1313, 1318 (Fed. Cir. 2021).

10   In patent litigation, motions to transfer under 28 U.S.C. § 1404(a) are

11   governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d

12   1315, 1319 (Fed. Cir. 2008). The Ninth Circuit has explained that factors used in the

13   forum non conveniens context are helpful in deciding a § 1404 transfer motion.

14   *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986);

15   *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (identifying

16   factors). These factors include (1) the location where the relevant agreements were

17   negotiated and executed; (2) the state that is most familiar with the governing law;

18   (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the

19   forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum;

20   (6) the differences in the costs of litigation in the two forums; (7) the availability of

21   compulsory process to compel attendance of unwilling non-party witnesses; (8) the

22   ease of access to sources of proof; (9) the presence of a forum selection clause; and

23   (10) the relevant public policy of the forum state, if any. *Jones v. GNC Franchising,*

24   *Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The *Jones* factors help courts determine

25   venue by considering the "center of gravity" for each case, a philosophy which

26   reasons that "the district court ought to be as close as possible to the milieu of the

27

28

7

infringing device and the hub of activity centered around its production." *Zinus, Inc. v. Classic Brands, LLC*, No. CV 19-5455 PSG (EX), 2019 WL 8226076, at *3 (C.D. Cal. Oct. 3, 2019) (quoting *Nanografix Corp. v. Pollard Banknote Ltd.*, No. CV 18-6735-GW(RAOx), 2019 WL 2240439, at *5 (C.D. Cal. Feb. 28, 2019)).

The *Jones* factors applicable to this case, taken together, weigh in favor of transfer to Massachusetts.[1] *First*, regarding *Jones* factor 3, InMode's status as a foreign entity means its choice of forum is given little, if any, deference. *Second*, regarding *Jones* factors 4 and 5, both parties lack contacts with the district of California. BTL's contacts are mostly with Massachusetts and InMode did not identify any contacts with California. *Third*, regarding factors 6 and 8, the majority of the evidence regarding this patent infringement lawsuit will be in Massachusetts. *Finally*, regarding factor 10, because neither party is a resident of California, California does not have an interest in adjudicating the instant action. Meanwhile, Massachusetts has an interest in adjudicating cases involving its resident corporations. Therefore, the *Jones* factors weigh in favor of transferring this case to Massachusetts.

### 1. *Jones* 3: Plaintiffs' choice of forum: InMode is a foreign entity and, therefore, its choice of forum is given little deference.

Because InMode is a foreign entity, its choice of forum is given little deference and *Jones* factor 3 is neutral regarding transfer. "Because the central

---

[1] Because there are no agreements at issue in this case, and because the case arises under federal patent law, the following *Jones* factors are irrelevant here: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; and (9) the presence of a forum selection clause. Further, BTL is unaware of any unwilling non-party witnesses that may be necessary regarding this case, making factor seven (the availability of compulsory process to compel attendance of unwilling non-party witnesses) neutral.

DEFENDANT'S MEMORANDUM ISO MOTION TO DISMISS OR TRANSFER          CASE NO. 2:23-CV-8583

purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981); *Ningbo Futai Elec. Ltd. v. QVC, Inc.*, No. 5:22-cv-02015-MCS-RAO, 2023 WL 4291652, at *2 (C.D. Cal. May 8, 2023). Here, InMode is a corporation organized under the laws of Israel and maintains its principal place of business in Israel. *See* D.I. 1, ¶ 2. Because InMode is a foreign entity, its choice of forum deserves little, if any, deference.

> **2.    *Jones* 4 and 5: Contact with the forum: The parties' lack of contacts in California weigh in favor of transfer to Massachusetts.**

BTL's main location in the United States is in Massachusetts and it has significant contacts with Massachusetts, far outweighing its minimal contacts in California. In its Complaint, InMode did not identify any contacts that it might have in California. *See Ningbo Futai*, 2023 WL 4291652, at *2–3. For that reason, *Jones* factors 4 and 5 weigh in favor of transfer to Massachusetts.

BTL is headquartered in Massachusetts. Wooden Dec. ¶ 3. The Marlborough facility is the only place in the United States that BTL employees use as a regular place of business. The personnel who have knowledge relevant to this case, such as those individuals involved in the sales and marketing of the Emfemme device, are in Massachusetts. *Id.* ¶ 4. BTL maintains its stock of its devices in Massachusetts and ships the devices from that location. *Id.* Further, documents and information pertaining to this action, and the personnel with knowledge of those documents, are likewise in Massachusetts. In contrast, BTL's only contacts with California are sales of BTL's products, and a sporadically used showroom. Similarly, InMode is a foreign company and in its Complaint identified no contacts with California. D.I. 1, ¶ 2.

DEFENDANT'S MEMORANDUM ISO MOTION TO DISMISS OR TRANSFER    CASE NO. 2:23-CV-8583

Given the lack of contacts the parties have with California and BTL's significant contacts with Massachusetts, this factor weighs in favor of transfer of the action to Massachusetts.

> ### 3. *Jones* 6 and 8: Cost of litigation and access to sources of proof: The witnesses and evidence weigh in favor of transfer to Massachusetts.

*Jones* factors 6 and 8 weigh in favor of a transfer to Massachusetts. Because the witnesses and evidence regarding the Accused Devices are in Massachusetts, access to sources of proof is easier in Massachusetts and litigating in Massachusetts will reduce litigation costs.

Court have transferred patent cases to venues where the activities related to the accused activity, and therefore the sources of proof, are located. "[I]n patent infringement actions, the preferred forum is that which is the center of gravity of the accused activity. The district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production. This location is often where the development, research, and marketing of the accused product occurred." *Signal IP, Inc. v. Ford Motor Co.*, No. LA CV14-03106 JACK (JEMx), 2014 WL 4783537, at *3 (C.D. Cal. Sept. 25, 2014) (citations omitted); *see also In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.").

Here, most of BTL's activities regarding the accused devices occur in Massachusetts. As stated previously, BTL's documents and personnel relating to the devices are in Massachusetts. If an inspection were to occur of the devices, the inspection would be in Massachusetts because the individuals with knowledge about

10

the device are located in Massachusetts. Wooden Decl. ¶ 4. *See Fox Factory, Inc. v. Sram, LLC*, No. 2:22-cv-04805-DOC-JC, 2023 WL 6370879, at *3–4 (C.D. Cal. Feb. 1, 2023) (noting that transfer was proper because "this action concerns physical products"). While BTL notes it has an Emfemme device in its California showroom, that device is not used for demonstrations or clinical trainings. Wooden Decl. ¶ 10. Further, the California showroom does not maintain marketing information regarding the Emfemme device in the California showroom. *Id.* ¶ 12. Nor does the showroom have any information regarding the UltraFemme device, which BTL discontinued in 2018. *Id.* ¶ 5. Most—if not all—of the evidence relevant to this case is in Massachusetts. For the same reason, transfer to Massachusetts would cut down on litigation costs because BTL's witnesses and corporate representatives would not have to travel between Massachusetts and California for hearings, discovery, and trial.

Because the "center of gravity" is in Massachusetts, this factor weighs in favor of transfer to Massachusetts.

### 4. *Jones* factor 10: The public interest factors weigh in favor of transfer to Massachusetts.

Public interest factors include determining which district has an interest in the controversy and other administrative difficulties, both of which weigh in favor of transfer to Massachusetts. *See Ningbo Futai*, 2023 WL 4291652, at *4.

First, because BTL's headquarters is in Massachusetts and all relevant witnesses and evidence are in Massachusetts, Massachusetts has an interest in having the controversy decided within its own district. *See id.* ("'The local interest in having localized controversies decided at home' favors transfer." (citing *Decker*, 805 F.2d at 843)).

DEFENDANT'S MEMORANDUM ISO MOTION TO DISMISS OR TRANSFER     CASE NO. 2:23-CV-8583

Second, Massachusetts suffers from less court congestion than the Central District of California. For example, from the 12 month period ending March 31, 2023, the Central District of California had 14,038 cases filed. In comparison, the District of Massachusetts had 2,833 cases filed. *See* Table C-3—U.S. District Courts—Civil Federal Judicial Caseload Statistics (March 31, 2022), U.S. Courts, https://www.uscourts.gov/statistics/table/c-3/federal-judicial-caseload-statistics/2023/03/31 (last visited December 14, 2023). Further, the Central District of California lists 34 active judges, *See* May 23, 2023 Memorandum, Central District of California, https://www.cacd.uscourts.gov/sites/default/files/seniority-list.pdf (last accessed Jan. 8, 2024). When compared to the District of Massachusetts, which lists 20 active judges, each judge in the Central District of California has nearly 3 times more cases than those in the District of Massachusetts. *See* Judges, United States District Court for the District of Massachusetts, https://www.mad.uscourts.gov/general/judges.htm (last accessed Jan. 8, 2024). While not dispositive, other courts in this district have used this fact to demonstrate that "this action would be much less likely to suffer from administrative difficulties resulting from docket congestion in" Massachusetts. *See Ningbo Futai*, 2023 WL 4291652, at *4.

Therefore, because Massachusetts has an interest in resolving the instant dispute, and because Massachusetts courts are less congested, the public interest favors transfer to Massachusetts.

**III.    Conclusion**

For the foregoing reasons, the Court should dismiss the case due to improper venue or else transfer the case to the District of Massachusetts, a proper venue more convenient for the parties and witnesses.

12

1

DATED:  January 12, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Payne & Fears LLP

_____*Randy R. Haj*_____
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
Randy R. Haj, Bar No. 288913
rrh@paynefears.com
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755


_____
J.C. Rozendaal (*pro hac vice pending*)
Chandrika Vira (*pro hac vice pending*)
Josephine Kim, Bar No. 295152
**STERNE, KESSLER, GOLDSTEIN**
  **& FOX PLLC**
1101 K Street NW, 10th Floor
Washington, DC 20005
Telephone: 202.371.2600
Facsimile: 202.371.2540

Attorneys for Defendant
BTL Industries, Inc.

4881-3603-6508.1

DEFENDANT'S MEMORANDUM ISO MOTION TO DISMISS OR TRANSFER       CASE NO. 2:23-CV-8583

1

## WORD COUNT CERTIFICATION

2   The undersigned, counsel of record for Defendant BTL Industries Inc.,

3   certifies that this brief contains 3,584 words which complies with the word limit of

4   L.R. 11-6.1.

5

6   DATED:  January 12, 2024           Payne & Fears LLP

7                                        _____
                                              *Randy R. Haj*
8                                        Scott O. Luskin, Bar No. 238082
                                         sol@paynefears.com
9                                        Randy R. Haj, Bar No. 288913
                                         rrh@paynefears.com
10                                       200 N. Pacific Coast Highway, Suite 825
                                         El Segundo, California 90245
11                                       Telephone: (310) 689-1750
                                         Facsimile: (310) 689-1755
12

13

14                                       _____
                                         J.C. Rozendaal (*pro hac vice pending*)
15                                       Chandrika Vira (*pro hac vice pending*)
                                         Josephine Kim, Bar No. 295152
16                                       STERNE, KESSLER, GOLDSTEIN
                                           & FOX PLLC
17                                       1101 K Street NW, 10th Floor
                                         Washington, DC 20005
18                                       Telephone: 202.371.2600
                                         Facsimile: 202.371.2540
19

20

21

22

23

24   4881-3603-6508.1

25

26
                                              14
27   DEFENDANT'S MEMORANDUM ISO MOTION TO DISMISS OR TRANSFER    CASE NO. 2:23-CV-8583

28